UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-422-H

ERIC COX, et al.                                                                                            PLAINTIFFS

V.

AMERICAN SYNTHETIC RUBBER                                                          DEFENDANT
COMPANY

**MEMORANDUM OPINION**

Plaintiffs, who are all residents of an area adjacent to a plant operated by American Synthetic Rubber Company("Defendant"), have filed suit against Defendant seeking monetary and injunctive relief for damage allegedly resulting from chemicals emitted by that facility. Specifically, Plaintiffs proceed under theories of nuisance, negligence and/or gross negligence, strict liability for ultrahazardous activities, and trespass.

Currently before the Court is Plaintiffs' motion for class certification, which Defendant has opposed. The issues here are similar to, though not precisely the same as those which this Court has previously considered. Thus, the basic framework for lack of these cases is similar and need not be repeated in all instances.

Having considered the briefs and evidentiary record, the Court finds Plaintiffs' motion to be deficient in several significant ways, and therefore, the Court will deny the motion. This is not a decision on the merits of Plaintiffs' individual claims.

I.

Plaintiffs have alleged that emissions from Defendant's facility have invaded their property in the form of chemical emissions and noxious odors. The Court must take as true their testimony about the nature of the odors on their property, but cannot give particular credence to a

belief that any aspect of the odor came from the Defendant's plant. This would be for others with more specialized knowledge to suggest.

Descriptions of the odors vary and include, among other things, burned rubber, synthetic rubber, ammonia, rotten eggs, and garbage. Plaintiffs' Memorandum in Support of Motion for Certification of Class Action, Exhibit 3. Plaintiffs seek certification under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure of a class defined as follows:

> Owners or residents of single family residences within the Lake Dreamland neighborhood, who allege the invasion of their property by chemicals and noxious odors, which originated from the American Synthetic Rubber facility located in Louisville, Kentucky and who have owned or resided at that single family residential home from July 28, 2003 to the present and continuing.

Plaintiffs' Motion for Certification of Class Action at ¶ 3. Plaintiffs estimate that this class may consist of as many as 1,500 people or more, and assert that for this and other reasons, the requirements of Rules 23(b)(2) and 23(b)(3) are met.

Defendant produces synthetic rubber. Plaintiff alleges that during Defendants manufacturing process, Defendant routinely produces and releases into the air 1,3- Butadiene, Styrene, and Toluene. Plaintiffs allege these emissions travel onto their property in the form of chemical emissions and noxious odors.

II.

In a little over a year, the Court has had an opportunity to consider the issue of class certification in two very similar cases litigated by Plaintiffs' counsel. In both cases, the Court followed the rubric it set out in *Brockman v. Barton Brands, Ltd.*, 2007 WL 4162920 (W.D Ky. Nov. 21, 2007); *See Burkhead v. Louisville Gas & Elec. Co.*, 250 F.R.D. 287 (W.D.Ky. 2008). Satisfied that the analysis in *Brockman* and *Burkhead* is correct, the Court sees no reason to

change its approach. Here, Plaintiffs have put forth evidence of a similar quality to support their motion for class certification. Comparing the evidence and circumstances in this case with those in *Brockman* will assist the court in determining whether to certify the class.

III.

The Court has broad discretion in determining whether to certify a class. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988). The determination does not depend on the merits of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Instead, plaintiffs must prove the requisite elements of class certification under Rule 23. *In re Am. Med. Sys.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). To meet the requirements of Rule 23(a), plaintiffs must show: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties fairly and adequately protect the interests of the class. *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004) (citing Fed R. Civ. P. 23(a)).[1]

The Court will address the Rule 23(a) requirements only after restating the problems inherent in defining a class by geographic region.

A.

The Court has previously expressed concern regarding class certification in environmental mass tort cases where plaintiffs define the class by geographic region. *See Bukhead v. Louisville Gas & Elec. Co.*, 250 F.R.D. 287 (W.D.Ky. 2008). Before a proposed

---

[1] Courts often refer to these requirements as numerosity, commonality, typicality, and adequacy of representation.

class may be certified, plaintiff must define it. *Id.* at 291(internal citations omitted). "At a minimum, the description must be 'sufficiently definite that it is administratively feasible for the court to determine whether a particular individual is a member.'" *Id.*(quoting 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1760, at 120-21 (2d ed.1986)). In order to certify a class, courts look for "... scientific or objective evidence [that] closely ties the spread of the alleged pollution or contamination to the proposed class boundaries." *Id; See, e.g., Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 61-62 (S.D.Ohio 1991); *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 643 (N.D.Cal. 1987). Conversely, where plaintiffs fail to produce evidence linking the proposed boundary to the environmental hazard, courts have denied certification. *See, e.g., Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 602-03 (D.Colo. 1990); *Duffin v. Exelon Corp.*, 2007 WL 845336 (N.D.Ill. March 12, 2007).

Plaintiffs allege that during Defendant's manufacturing process, Defendant releases 1,3-Butadine, Styrene, and Toluene into the air. Plaintiffs' expert conducted a 6-liter *summa* vacuum canister sampling on Defendant's facility and in the Lake Dreamland neighborhood on March 4, 2008. He took twenty (20) samples at seventeen (17) different sites near Defendant's location and throughout the Lake Dreamland neighborhood. Here, Plaintiffs have produced some scientific evidence that may define a class according to a more limited geographic boundary. However, Plaintiffs failed to test large swaths of the proposed class area, leaving no basis for knowing whether the proposed class area is arbitrarily drawn, or reflects an actual distribution of the alleged emissions. Notably, Plaintiffs have no evidence suggesting that the areas within the proposed class area, were tested at all. Plaintiffs' sampling fails completely to cover the breadth of the proposed class. Without testing the boundaries, there is no basis for linking the

boundaries to Defendant's actions at all.

B.

Certification requires a class "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). However, while "the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative." *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir.2005) (quoting *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D.Ohio 2001)). The proposed class in this case would contain "approximately fifteen hundred (1,500)" Plaintiffs. Plaintiffs' Memorandum in Support of Motion for Certification of Class Action at 1. Just as in *Brockman*, where the proposed class was at least 5,864 plaintiffs, the Court finds that Plaintiffs have easily met the numerosity requirement, since even a much smaller class could satisfy this requirement. *See Senter v. General Moters Corp.*, 532 F.2d 511, 522-23 (6th Cir. 1976).

C.

"The commonality requirement of Rule 23(a) generally will be satisfied where there is a 'single issue common to all members of the class.'" *Burkhead* 250 F.R.D. at 295 *(quoting In re Am. Med. Sys.*, 75 F.3d 1069, 1080 (6th Cir. 1996)). To meet the requirement, Plaintiff must show "a common issue the resolution of which will advance the litigation." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998). Here, Plaintiffs assert that common issues of fact include:

> (1) the cause of American Synthetic Rubber's emissions; (2) whether American Synthetic Rubber's emissions were foreseeable; (3) were there any precautions American Synthetic Rubber could have taken to have prevented the emissions; (4) whether American

5

> Synthetic Rubber exercised any available precautions to prevent the emissions; (5) the amount of Exemplary Damages the Plaintiff Class is entitled to from American Synthetic Rubber; and (6) the type of economic impact American Synthetic Rubber's emissions had upon the Plaintiff class.

Plaintiffs' Memorandum in Support of Motion for Certification of Class Action at 28-29. According to Plaintiffs, the common questions of law include whether Defendant is liable for nuisance, negligence, gross negligence, trespass, or strict liability, whether the proposed class is entitled to exemplary damages, and whether the proposed class is entitled to injunctive relief. *Id.* at 29. Not surprisingly, these are exactly the same issues Plaintiffs' counsel raised in *Brockman*. Because Plaintiffs have identified several questions of law and fact that ostensibly lend themselves to adjudication on a classwide basis, Plaintiffs could meet the requirements of Rule 23(a)(2) commonality.

### D.

"A plaintiff's claim may be considered typical 'if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Burkhead* 250 F.R.D. 295 (quoting *In re Am. Med. Sys.*, 75 F.3d at 1082). Platintiffs claims are typical if "as goes the claim of the named plaintiff, so go the claims of the class," *Sprague*, 133 F.3d at 399. Furthermore, "in order to find typicality and commonality, the precise nature of the various claims must be examined .... the typicality requirement is not met if the named plaintiffs do not represent an adequate cross-section of the claims asserted by the rest of the class." *Reeb v. Ohio Dept. of Rehab. & Corr.*, 435 F.3d 639, 644-45 (6th Cir. 2006).

Here, it cannot be said that the proposed representative Plaintiffs represent "an adequate cross-section" of the proposed class. The scientific evidence supporting Plaintiff's motion for class certification includes twenty (20) samples taken from seventeen (17) locations. However, eight (8) of these samples are taken in six (6) locations *outside* the class area, and so bare no relationship to the typicality of the named plaintiffs claims. Of the remaining twelve samples, all are taken in a relatively closely concentrated area within the class area. Plaintiffs have sampled only a small corner of the much larger proposed class area. Plaintiffs have not produced scientific evidence linking members of the proposed class area to the named plaintiffs, making it hard to say that Plaintiffs' claims are typical of the class. Instead, Plaintiffs have arbitrarily drawn the proposed class area, a practice this Court has disapproved. *See Burkhead*, 250 F.R.D. at 291.

E.

The adequacy-of-representation requirement addresses conflicts of interest between named plaintiffs and the class. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997). Thus "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974)). As the Supreme Court noted, "[t]he adequacy-of-representation requirement 'tend[s] to merge' with the commonality and typicality criteria of Rule 23(a), which 'serve as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem*, 521 U.S. at 626 n. 20 (quoting Falcon, 457

7

U.S. at 157 n. 13). The adequacy evaluation also examines the competency and conflicts of class counsel. *Amchem*, 521 U.S. at 626 n. 20 (citing *Falcon*, 457 U.S. at 157-58 n. 13).

While the different class members may have some differences from the named Plaintiffs, these differences do not warrant a denial of certification on the grounds that Rule 23(a)(4) has not been met.

IV

In addition to meeting the four requirements of Rule 23(a), a proposed class must meet at least one of the requirements of Rule 23(b). Here, Plaintiffs moved to certify their class under Rule 23(b)(2) as well as under Rule 23(b)(3).

Certification under Rule 23(b)(2) is appropriate where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). The drafters of the Rule explained that this provision "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed.R.Civ.P. 23(b)(2) advisory committee's note; *see also Reeb*, 435 F.3d at 647. As the Fifth Circuit has explained, the Advisory Committee's note indicates that:

> monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief. By incidental, we mean damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief .... such damages should at least be capable of computation by means of objective standards *and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances*. Liability for incidental damages should not require additional hearings to resolve the disparate merits of each individual's case; it should neither introduce new and substantial legal or factual issues, nor entail complex determinations.

8

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir.1998) (internal citations omitted) (emphasis added); *see also Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 448 (6th Cir.2002) (citing *Eubanks v. Billington*, 110 F.3d 87, 95 (D.C.Cir.1997), for the proposition that "the underlying premise of (b)(2) certification-that the class members suffer from a common injury that can be addressed by classwide relief-begins to break down when the class seeks to recover ... forms of monetary damages to be allocated based on individual injuries.").

Certifying (b)(2) classes where monetary damages are at issue creates a certain tension. Certification under (b)(2) does not include the notice and opt-out protections present in the (b)(3), even though the concerns motivating the imposition of the (b)(3) protections still exist.[2] "Thus, as a general rule, a court should not certify a (b)(2) class where individual monetary damage issues may well predominate." *Burkhead*, 250 F.R.D. at 297. Plaintiffs have requested some injunctive relief, however, it is clear that just as in *Brockman* and *Burkhead*, Plaintiffs seek more than mere "incidental" monetary damages. Plaintiffs' requested injunctive relief does not "predominate." *See Burkhead* 250 F.R.D. at 298. Thus, the Court finds that Plaintiffs do not satisfy Rule 23(b)(2).

---

[2]Such concerns include the risk of unfairly and involuntarily binding those with "disparate intentions and motivations" as to monetary damages to a classwide judgment, are pronounced. *Reeb v. Ohio Dept. of Rehab. and Corr.*, 435 F.3d 639, 647 (6th Cir. 2006)(citing *Allison*, 151 F.3d at 413).

V.

Certification under Rule 23(b)(3) is appropriate when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). "Rule 23(b)(3) classes therefore must satisfy a two-part test of commonality and superiority, and should only be certified if doing so would 'achieve economies of time, effort, and expense.'" *Burkhead* 250 F.R.D. at 298 (quoting *Sterling*, 855 F.2d at 1196); *see also Amchem*, 521 U.S. at 615. The Sixth Circuit has provided further guidance on what sorts of cases may be best suited to (b)(3) class adjudication:

> In complex, mass, toxic tort accidents, *where no one set of operative facts establishes liability*, no single proximate cause equally applies to each potential class member and each defendant, and individual issues outnumber common issues, the district court should properly question the appropriateness of a class action for resolving the controversy. However, where the defendant's liability can be determined on a class-wide basis because the cause of the disaster is a single course of conduct *which is identical for each of the plaintiffs*, a class action may be the best suited vehicle to resolve such a controversy.

Sterling, 855 F.2d at 1197 (emphasis added); see also *In re Am. Med. Sys.*, 75 F.3d at 1084; Rule 23(b)(3) advisory committee's note. "In contrast to Rule 23(a)'s commonality requirement, discussed above, Rule 23(b)(3)'s 'predominance criterion is far more demanding.'" *Burkhead*, 250 F.R.D. at 299. (quoting *Amchem*, 521 U.S. at 624, 117 S.Ct. 2231).

Individualized damage determinations do not pose an absolute bar to (b)(3) certification. *See, e.g., Burkhead*, 250 F.R.D. at 299. Courts may bifurcate class action proceedings, adjudicating liability on a classwide basis, and then determining damages by some other method. *Id.* Thus where individualized questions relate solely to the amount of damages potentially owed

10

to each class member, the class may still be certified. *Id.* However, as was the case in *Brockman*, Plaintiffs have failed to provide evidence that "the defendant's liability can be determined on a class-wide basis." *Sterling*, 855 F.2d at 1197. Similarly to *Brockman*, Plaintiffs have alleged that Defendant's operations result in the emission of 1,3- Butadiene, Styrene, and Toluene, and that the air in part of the class area contains these chemicals, but Plaintiffs have not shown any evidence that indicates the Court could determine the cause of the entire class's damages in a single proceeding. Plaintiffs have not shown that the emissions are unique to the Defendants or that they are even present in the entire class area. The Court has no evidence that a classwide determination of liability on any of Plaintiffs' theories would be possible.

To prove their trespass claim, for example, Plaintiffs must show "an intrusion (or encroachment) which is an unreasonable interference with a property owner's possessory use of his/her property." *Smith v. Carbide & Chems. Corp.*, 226 S.W.3d 52, 57 (Ky.2007). And a nuisance "arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage." *Smith v. Carbide & Chems. Corp.*, 507 F.3d 372, 379-80 (6th Cir.2007) (citing *City of Somerset v. Sears*, 313 Ky. 784, 233 S.W.2d 530, 532 (1950) (quoting 39 Am Jur. Nuisances § 2)). Just as in *Brockman*, Plaintiffs have not produced the critical evidence of causation as to either claim, or as to the remainder of Plaintiffs' claims, on a classwide basis. Similar to *Brockman*, Plaintiffs have produced an expert report that merely supports the proposition that some of the affected area could have been polluted by Defendants. The Court cannot be assured that Defendant's liability to the class will be a common question or that a class action would be the superior method of adjudicating Plaintiffs' claims.

Thus, the Court finds that Plaintiffs do not satisfy Rule 23(b)(3). Given the similarities in the evidence between the instant case and *Brockman*, it is unsurprising that class certification is denied here, just as it was in *Brockman*.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record